IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| | : | |
| TERRY BLAIR, | : | BANKRUPTCY NO.: 5-15-bk-04195-JJT |
| | : | |
| DEBTOR | : | |
| | : | |
| PHI AIR MEDICAL, L.L.C., | : | {**Nature of Proceeding**: Plaintiff's Motion |
| | : | for Summary Judgment (Doc. #22)} |
| PLAINTIFF | : | |
| | : | |
| vs. | : | |
| | : | |
| TERRY BLAIR, | : | |
| | : | |
| DEFENDANT | : | ADVERSARY NO.: 5-16-ap-00010-JJT |

# OPINION

Pending before me is a Motion for Summary Judgment filed by PHI Air Medical, L.L.C.

against the Debtor, Terry Blair. The Court has reviewed the Motion, as well as the documents in

support and in opposition to the Motion filed thereto, and finds the Motion should be denied.

The Court finds the better course to follow would be to proceed with a trial on the issues.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 9 L.Ed.2d 202 (1985).

In summary, the litigation comes before me by way of a nondischargeablity complaint

alleging grounds under 11 U.S.C. § 523(a)(4) and (a)(6) by reason of a certain debt allegedly

owing PHI by the Debtor for use of an emergency helicopter transport to a medical facility.

While the total obligation was $27,376.00, PHI seeks only to declare the amount of $10,386.00

nondischargeable. This happens to be the amount of funds paid over to the Debtor from his

medical insurance carrier and not turned over to PHI despite an executed assignment of

proceeds.

While many facts are not in dispute, I am unable to determine by undisputed facts, the culpability of the Debtor and thus the outcome of the litigation.

More specifically, both § 523(a)(4) and (a)(6) require more than negligence or a simple breach of contract, but a conscious disregard of a known responsibility, or conduct so grossly reckless that the criminal law would see it as the equivalent. *Bullock v. BankChampaign, N.A.*, ―― U.S. ――, 133 S.Ct. 1754, 1759, 185 L.Ed.2d 922 (2013). Moreover, an essential ingredient of § 523(a)(6) is an intentional act substantially certain to produce injury. *In re Conte*, 33 F.3d 303, 307–09 (3rd Cir. 1994).

The undisputed facts suggest that an assignment of the insurance proceeds was executed by the Debtor, yet either not delivered to or recognized by the medical insurance carrier, suggesting the possibility that the carrier's failure to honor the assignment was the proximate cause for the Plaintiff's injury. "Proximate cause is a term of art, demanding sufficient connection between the injury and the conduct alleged." *In re Bocchino*, 794 F.3d 376, 382 (3rd Cir. 2015) citing *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 268, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992). The undisputed facts also leave open the question of who the owner of the insurance check was and whether that ownership was simply legal or legal and equitable. A further question is suggested as to whether an act of assignment effectively divests the assignor of any equitable interest so as to support Plaintiff's argument that embezzlement/larceny was possible.

I have yet to mention the Debtor's argument that the assignment was executed under medical duress which may have rendered the assignment ineffective.

It is for all these reasons that Plaintiff's Motion for Summary Judgment is denied, and Trial on the merits is scheduled for **March 21, 2017**, at **9:30** o'clock A.M., in Bankruptcy Courtroom No. 2, Max Rosenn U.S. Courthouse, 197 South Main Street, Wilkes-Barre, Pennsylvania.

My Order will follow.

By the Court,

Date: January 12, 2017

John J. Thomas, Bankruptcy Judge

**(CMS)**